MEMORANDUM**
In these consolidated appeals, Robert Goodrich appeals pro se from the district *966 court’s order dismissing as untimely his appeal from the bankruptcy court’s order closing his adversary proceeding in which he sought to quiet title to five parcels of land. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo. Blyer v. Hemmeter (In re Hemmeter), 242 F.3d 1186, 1189 (9th Cir.2001). We affirm.
The bankruptcy court entered an order dismissing Goodrich’s adversary proceeding on October 8, 2003. Goodrich did not file his notice of appeal to the district court until November 3, 2003. The district court therefore properly dismissed Goodrich’s appeal as untimely. See Fed. R. Bankr.P. 8002(a) (establishing ten day period to file a notice of appeal from entry of bankruptcy court order); Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 327 (9th Cir.1994) (“The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court’s order.”).
Appellants’ request for judicial notice is granted.
Appellees’ request for judicial notice is granted.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.